UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE DEVAL JOHNSON,

        Petitioner,

Case No. 14-14319

v.

HON. AVERN COHN

JEFFREY WOODS,

        Respondent.

_____/

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Terrance Johnson, ("Petitioner"), pled guilty in state court to first-degree home invasion and aggravated stalking. He was sentenced to a five-year term of probation. Petitioner later violated the terms of his probation and received a 15-to-30 year sentence. Petitioner challenges his probation revocation proceeding on three grounds: (1) the revocation charges were based on false information, (2) he was denied the effective assistance of counsel at the revocation hearing, and (3) he was denied the effective assistance of counsel on appeal. For the reasons that follow, the petition will be denied for lack of merit.

### II. Background

In 2009, Petitioner pleaded guilty as a fourth-time habitual felony offender to first-degree home invasion and aggravated stalking in Saginaw Circuit Court. The charges

stemmed from allegations that he assaulted his former girlfriend. As noted above, Petitioner was sentenced to a five-year term of probation.

In 2012, Petitioner was charged with violating the terms of his probation. A probation violation hearing was held on August 16, 2012. A woman testified at the hearing that she had dated Petitioner for a couple of months in 2011. She described how after the relationship ended, Petitioner threatened her and another ex-boyfriend with a gun, showed up at her house uninvited, and threatened her at work. The woman testified that finally, on May 31, 2012, Petitioner raped her at her house. Petitioner initially took the stand, but after he was informed about his right against self-incrimination, he elected not to testify.

The trial court found Petitioner violated the terms of his probation:

> The Court . . . finds that the People met their burden, by a preponderance of he evidence, that Defendant violated his terms of probation. Defendant was specifically required not to violate any criminal law of any unit of government and he was also not [to] engage in any assaultive, abusive, threatening or intimidating behavior. The Court finds that from the testimony placed on the record by [the victim], the Defendant has violated his terms of probation.

People v. Johnson, No. 09-032688, Order, Saginaw County Cir. Ct., at *3 (Oct. 1, 2012).

The trial court sentenced Petitioner to 15-to-30 years on his 2009 conviction. Petitioner was never separately charged with the conduct that formed the basis for the probation violation charge.

Petitioner was appointed appellate counsel who filed an application for leave to appeal in the Michigan Court of Appeals, raising essentially what now form his first two habeas claims. Petitioner also filed a supplemental pro se brief, raising additional

claims. The Michigan Court of Appeals denied the application for leave to appeal for "lack of merit in the grounds presented." People v. Johnson, No. 315577 (Mich. Ct. App. Nov. 14, 2013). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same two claims raised by his counsel along with a claim that he received ineffective assistance of appellate counsel. The Michigan Supreme Court denied the application by form order. People v. Johnson, 409 Mich. 994 (2014) (Table).

### III. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is bared under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) quoting Williams, 529

U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S.86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103 (internal quotation omitted).

## IV.  Analysis

### A.  Notice of Probation Violation Charges

Petitioner first claims that the probation violation charges were based on falsehoods.  He says that the charging document falsely stated he was arrested and charged with criminal sexual conduct and sending threatening text messages to the victim.

Under clearly established Supreme Court law, while probation revocation involves a loss of liberty, "[p]robation revocation, like parole revocation, is not a stage of a criminal prosecution."  Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973).  As a result, a probationer facing revocation is only subject to the minimum requirements of due process as provided to a parolee facing revocation under Morrissey v. Brewer, 408 U.S.

471, 786 (1972). This right includes, among other things, written notice of the claimed violations of probation. Morrissey, 408 U.S. at 489. "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." Olsen v. McFaul, 843 F. 2d 918, 930 (6th Cir. 1988).

Petitioner correctly states that the charging document incorrectly alleged that he had been arrested and charged with criminal sexual conduct when he had not. This inaccuracy did not violate Petitioner's right to notice of the charges, however. The charging document alleged that Petitioner violated two conditions of his probation: (1) not to violate any criminal law of any unit of government, and (2) not to engage in any assaultive, abusive, or intimidating behavior. See Probation Violation Report, dated 10/16/2012. The report then incorrectly stated that charges had been filed, but it also contained a lengthy narrative summary detailing the victim's allegations regarding the May 31, 2012, sexual assault. The victim's testimony at the subsequent hearing largely tracked the narrative summary.

Despite the inaccuracy regarding Petitioner's arrest and charges, the narrative summary and other information contained in the probation violation report provided adequate notice to Petitioner of the nature of the accusations against him so as to allow him an adequate opportunity to prepare a defense. Petitioner's claim was reasonably rejected by the state courts. He is therefore not entitled to habeas relief on this ground merit.

5

### B. Ineffective Assistance of Trial Counsel

Petitioner next says that counsel at the probation violation hearing was ineffective for failing to investigate and prepare any meaningful defense to the charges. To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must satisfy a two prong test. First, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). In so doing, Petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689. Second, Petitioner must show that such performance prejudiced his defense. Id. To demonstrate prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 558 U.S. 15, 27 (2009). The Strickland standard applies as well to claims of ineffective assistance of appellate counsel. See Whiting v. Burt, 395 F. 3d 602, 617 (6th Cir. 2005).

Here, Petitioner has failed to demonstrate either prong of the Strickland test. In Michigan, the prosecutor's burden of proof in a probation revocation proceeding only

requires that he show that the defendant violated the terms of his probation by a preponderance of the evidence. M.C.R. 6.445(E)(1). Furthermore, the rules of evidence, other than those concerning privileges, do not apply. People v. Ison, 132 Mich. App. 61 (1984). There is nothing in the record to suggest that counsel was unprepared for the hearing or rendered deficient performance. To the contrary, counsel adequately cross examined the complainant and performed effectively in light of the standard of review and the evidence presented against Petitioner by the victim.

Petitioner, however, says that if counsel had conducted an adequate investigation, he would have discovered that no criminal charges were ever filed. This argument lacks merit because the record shows that counsel made this point at the beginning of the hearing.

Petitioner also asserts that counsel erroneously advised him against testifying in his own defense. Petitioner, however, has not shown that his testimony would have, with reasonable probability, altered the trial court's decision that the preponderance of the evidence showed that he violated the conditions of his probation. Moreover, counsel was not deficient in advising Petitioner against testifying at the hearing. This is so because anything Petitioner said may have prompted new charges to be filed and his testimony could be used against him in any resulting criminal proceeding.

### C. Ineffective Assistance of Appellate Counsel

Petitioner finally claims that his appellate counsel was ineffective for failing to adequately brief Petitioner's lead two issues and failed to adequately assist him in filing a supplemental pro se brief. The Strickland standard applies as well to claims of ineffective assistance of appellate counsel. See Whiting v. Burt, 395 F. 3d 602, 617

(6th Cir. 2005).

Petitioner cannot prevail on this claim. As explained above, Petitioner's first two claims are without merit. Appellate counsel cannot be deemed deficient for failing to assert these claims. Furthermore, any failure by appellate counsel to submit a pro se brief on behalf of Petitioner does not present a constitutional question because there is no constitutional right to submit a pro se brief on direct appeal when a defendant is represented by counsel on appeal. S ee McMeans v. Brigano, 228 F. 3d 674, 684 (6th Cir. 2000).

## VI.  Conclusion

Accordingly, petition is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

　　　　　　　　　　　　　　　　　s/Avern Cohn
　　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: February 5, 2016
　　　　Detroit, Michigan

---

[1] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.